UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES ARCHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03541-SEB-MPB |
| ) | |
| MS. PURDUE, ) | |
| MR. KING, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Charles Archey is an inmate at Pendleton Correctional Industrial Facility. Mr. Archey seeks relief under 42 U.S.C. § 1983 alleging he has received constitutionally inadequate medical care.

The defendants seek summary judgment on the basis that the plaintiff failed to exhaust available administrative remedies before bringing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). For the reasons discussed below, the Court **DENIES** the defendants' motion for summary judgment, dkt. [37], and **ORDERS** them to show cause why the Court should not grant Mr. Archey summary judgment on the exhaustion defense.

**I. Legal Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there

is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

As the movants, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish

that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II. Facts

Because the plaintiff has not responded to the motion for summary judgment, the Court accepts as true the following facts, which the defendants have asserted and support with admissible evidence. *See* S.D. Ind. L.R. 56-1(f)(1)(A) ("In deciding a summary judgment motion, the court will assume that[ ] the facts as claimed and supported by admissible evidence by the movant admitted without controversy except to the extent that[] the non-movant specifically controverts the facts . . . ."); *see also Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1137 (7th Cir. 1997) (affirming district court's grant of summary judgment where it accepted moving party's facts as true when non-moving party failed to respond under local rule). The Court still views these facts in the light most favorable to the plaintiff, but his failure to oppose summary judgment "[r]educe[s] the pool" from which facts and inferences may be drawn. *Smith v. Severn*, 129 F. 3d 419, 426 (7th Cir. 1997).

At all times relevant to his complaint, Mr. Archey was incarcerated at Pendleton, an Indiana Department of Correction (IDOC) facility. The IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process ("Grievance Process"), governs the inmate grievance steps "to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement." Dkt. 39-1 at 2. Inmates must take the following steps to

complete the Grievance Process: (1) the inmate must attempt to resolve the complaint informally by requesting a State Form 52897 Offender Complaint form and contacting an appropriate staff member within 5 business days of receiving the form; (2) if there is no informal resolution within 10 business days, the inmate may file a Level I formal grievance; (3) if the grievance is not resolved to the offender's satisfaction or if the offender does not receive a response to the grievance within 20 days of the submission, the offender may file an appeal to the IDOC's Central Office. *Id.* at 3-4. Inmates, including Mr. Archey, are provided with information regarding the grievance process at the time of their orientation, and a copy of the policy is available in the facility's law library. *Id.* at 2.

The defendants produced Mr. Archey's record of grievances which indicates that Mr. Archey filed three grievances regarding the denial of insulin. *Id.* at 5-6. On July 15, 2019, Mr. Archey filed a grievance against Mr. King[1] and Ms. Purdue,[2] and these grievances were returned to him on July 18, 2019. *Id.* 5-7. On July 29, 2019, Mr. Archey submitted a subsequent grievance against Mr. King which was returned to him on August 7, 2019. Dkt. 39-4. Mr. Archey did not submit any further grievances. On July 25 and 26, 2019, Mr. Archey submitted grievance appeal forms for his grievance against Mr. King and Ms. Purdue. Dkt. 39-5; dkt. 39-7. On August 7, 2019, these grievance appeals were returned to him for the reason that his grievances "had to be accepted, logged, and filed prior to submitting an appeal." *Id.* The defendants argue that Mr. Archey "did not

---

[1] Mr. Archey's grievance was returned for the following reasons: (1) no indication/evidence of informal resolution which is required; (2) the grievance form is incomplete; and (3) staff discipline, assignment, duties and/or training are not part of the grievance process. Dkt. 39-3 at 1. Mr. Archey did not sign this grievance form. *Id.*

[2] Mr. Archey's grievance was returned for the following reasons: (1) no indication/evidence of informal resolution which is required; (2) the grievance form is incomplete; and (3) staff discipline, assignment, duties and/or training are not part of the grievance process. Dkt. 39-6 at 2.

follow appropriate procedures to file a grievance, and did not file an appropriate appeal." Dkt. 38 at 7.

### III. Analysis

The defendants have not shown that they are entitled to summary judgment as a matter of law as to the affirmative defense of failure to exhaust. To satisfy the PLRA, an inmate's grievance must provide his custodian with notice of, and an opportunity to correct, the problem of which he complains. *See, e.g.*, *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020) (citing *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

### A. Mr. King

Mr. Archey's signed grievance filed on July 29, 2020, is nearly identical to his first grievance against Mr. King, and states as follows:

> I reported to Wexford[']s HSA Mr. King about the incident where I have been deprived of not receiving my A.M. and P.M. diabetic insulin shot for 5-days which is unacceptable medical care. And by such actions can cause me into developing another serious medical episode [Diabetic Ketoacidosis], all over again. I have underwent (3) medical emergency signal 3000 due to my blood sugar dropping to levels that were cautious to my serious medical condition; [Type 1 Diabetes] I have submitted a informal grievance in complaint to Wexford's HSA Mr. King who chose not to help my condition. I was forced not to be given my insulin on four occas[]ion(s) 07-3-2019; 07-4-2019; 07-5-2019; 07-6-2019 that resulted in a diabetic attack on 07-5-2019. Because of hypoglycemia a blood sugar low level count.

Dkt. 39-4 at 2. The grievance specialist returned this grievance for two designated reasons: (1) the grievance form is incomplete and (2) the complaint or concern contains "multiple issues or events" that must be submitted on a separate form for each event Mr. Archey wanted to grieve. *Id.* at 1. This return did not reject the grievance for any failure of Mr. Archey to pursue and provide evidence of informal resolution. This subsequent grievance was signed by Mr. Archey, unlike his first attempt, and the defendants present no argument as to why it was rejected for incompleteness.

5

Under *Ross,* "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Ross* 136 S. Ct. at 1859. In addition, a grievance process is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. By stating that a grievance is "not completely filled out" without further specifics as to what is missing and every box on the form is filled in, the inmate's attempt to complete the process is thwarted by misrepresentation and the process is rendered incapable of use and therefore unavailable.

Regarding the second designated reason for the return, the Court notes that the Grievance Process does not define what constitutes a singular event or issue. Dkt. 39-2 at 9. Mr. Archey's grievance alleged that he had been deprived of receiving his daily morning and evening insulin shots for a period of 5 days which caused him to have a diabetic attack. The Court construes that Mr. Archey was attempting to grieve a single issue – the ongoing cessation of the administration of his insulin. His grievance provided specific information as to the number of calendar days and the consecutive dates in which he did not receive his insulin. Mr. Archey does not allege that there were gaps in time regarding the deprivation of his insulin, where multiple grievances to describe any such spans of time may be necessary and reasonable to properly grieve the issue. In this case, the Court finds that it is unreasonable to infer that the Grievance Process requires Mr. Archey to submit a total of 5 individual grievances, each of which would be reviewed by the grievance specialist, one for each of the consecutive days over a week's time that he alleges he did not receive this medication. The Seventh Circuit has so held. "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley,* 729 F.3d at 650. The Court also notes that the Grievance Process defines frivolous/abuse/or multiple grievances as those that are

"repetitive" or "multiple" grievances that "occur when the same issue has been addressed and where sufficient time for a response has not elapsed or where a response has been provided." Dkt. 39-2 at 2. Again, the process, as interpreted by this grievance rejection, was rendered a "simple dead end" incapable of use. *Ross*, 136. S. Ct. at 1859. Accordingly, the Court finds that Mr. Archey's grievance was improperly returned on this ground. Because Mr. Archey's grievance was improperly returned, his appeal was not appropriately considered, and instead returned because the underlying grievance was not properly accepted, logged, and filed. "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Consequently, Mr. Archey's remedy of an appeal became unavailable when his grievance against Mr. King was improperly returned, rendering him unable to comply with the exhaustion requirement.

**B. Ms. Purdue**

In his complaint, Mr. Archey alleges that defendant Purdue, a nurse practitioner, was responsible for stopping his insulin shots. Dkt. 10 at 2. Because the Court has determined that Mr. Archey submitted a viable grievance and grievance appeal pertaining to Mr. King regarding his allegations that he did not receive his insulin shots, the Court need not review the request for interview, grievance, and grievance appeal documents related to Ms. Purdue on their merits.

The Supreme Court has explained that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 219 (2007)

(quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Instead, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

The Grievance Process does not require that Mr. Archey discuss his complaint with the responsible staff member but rather allows the inmate to discuss the situation with someone who is in charge. Accordingly, Mr. Archey must only exhaust his available administrative remedies as to one defendant, not both, and in this case the Court finds that the process was rendered unavailable to Mr. Archey and therefore "exhaustion is not required." *Ross,* 136 S. Ct. at 1860.

### IV. Rule 56(f) and Notice and Further Proceedings

The defendants' motion for summary judgment, dkt. [37], is **DENIED**. The evidence shows that Mr. Archey did not fail to exhaust his available administrative remedies before he filed this lawsuit. Rather, the process was unavailable to him. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in Mr. Archey's favor on the exhaustion defense. The defendants shall have **through September 23, 2020**, in which to respond to the Court's proposal and either (a) **show cause** why summary judgment should not be entered in Mr. Archey's favor on this issue, or (b) **withdraw** their affirmative defense of exhaustion.

**IT IS SO ORDERED.**

Date:   9/10/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES ARCHEY
109037
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com

Marilyn A. Young
CASSIDAY SCHADE LLP
myoung@cassiday.com